

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2007

# Harrison v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2296

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Harrison v. Miller" (2007). *2007 Decisions*. Paper 378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-373                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2296
_____

CLARENCE HARRISON,

Appellant

v.

BILL MILLER, Salem County Engineer;
JOSEPH FEDEMCI, JR., Salem County Engineer;
CHARLES R. SULLIVAN, Freeholder; LEE R. WARE, Freeholder;
SUSAN A. BESTWICK, Freeholder; BRUCE L. BOBBITT, Freeholder;
R. BENJAMIN SIMMERMON, JR.; C. DAVID SPARKS, JR.;
BETH E. TIMBERMAN

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03552)
District Judge:  Honorable Noel L. Hillman

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6

September 7, 2007

BEFORE:  BARRY, AMBRO and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: September 25, 2007)
_____

OPINION
_____

PER CURIAM

Appellant, Clarence Harrison, appeals from the District Court's order granting the appellees' motion for summary judgment and the District Court's denial of Harrison's motion to reconsider that dismissal. For the reasons set forth below, we will summarily affirm the District Court's order.

Harrison owns property located in Mannington Township, Salem County, New Jersey. In July 2005, Harrison commenced an action in the U.S. District Court for the District of New Jersey against several Salem County employees and freeholders (together, the "Salem County defendants"), alleging that he sustained injuries while jumping over a guardrail that the defendants had erected around his property without his consent. Harrison claimed that the defendants: (1) violated his constitutional rights by erecting the guardrail; and (2) were liable under New Jersey law for his bodily injuries. He sought ten million dollars in damages.

The parties filed cross motions for summary judgment. In May 2006, the District Court denied both motions in order to give Harrison an opportunity to amend his complaint. The court explained that unless Harrison could set forth specific allegations as to how each of the defendants violated the United States and New Jersey Constitutions, and provide evidence in support of his claims, his complaint would be dismissed. In response, Harrison did file an amended complaint, but still failed to adequately support his allegations. As a result, on March 20, 2007, the District Court entered an order

2

granting summary judgment in favor of the Salem County defendants. Harrison submitted a timely motion for reconsideration, which the District Court denied on April 19, 2007. The present appeal followed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994). After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Circuit LAR 27.4 and I.O.P. 10.6 and will, therefore, summarily affirm the District Court's order dismissing Harrison's complaint.

---

[1]In his notice of appeal, Harrison seeks review of the District Court's order denying his motion for reconsideration, but does not appear to appeal from the preceding order entering summary judgment against him. Nonetheless, we will review both orders. See Williams v. Guzzardi, 875 F.2d 46, 49 (3d Cir.1989) (stating that it is proper to exercise appellate jurisdiction "over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issue").

3

First, the District Court properly concluded that the Salem County defendants were entitled to summary judgment on Harrison's claim that they violated his Fifth and Fourteenth Amendment rights when they erected the guardrail without his consent. As the District Court explained, the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, authorizes the state to take private property for public use if just compensation is paid to the owner. See United States v. 6.45 Acres of Land, 409 F.3d 139, 145 (3d Cir. 2005). Therefore, in order to make out a Takings Clause claim, Harrison was required to show, as a threshold matter, that the construction of the guardrail constituted a "taking" within the meaning of the Fifth Amendment. See id. Harrison, however, failed to identify any specific facts or provide any affirmative evidence showing how the guardrail interfered with his property rights. Although Harrison filed an opposition to the defendants' motion for summary judgment, the opposition added nothing new to the conclusory allegations in his pleadings. Therefore, the District Court correctly concluded that Harrison failed to set forth facts showing a genuine material issue for trial on his Fifth Amendment claim. See Connors, 30 F.3d at 489.

Furthermore, to the extent that Harrison's pleadings can be construed as alleging a substantive due process claim under 42 U.S.C. § 1983, Harrison failed to allege facts sufficient to withstand summary judgment on that claim as well. As the Salem County defendants correctly noted in their motion for summary judgment, only executive action

4

that "shocks the conscience" constitutes a substantive due process violation. See County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998); United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 401 (3d Cir. 2003). The substantive component of the Due Process Clause can only be violated by governmental employees when their conduct amounts to an abuse of official power that is "arbitrary in a constitutional sense." Collins v. Harker Heights, 503 U.S. 115, 128 (1992). Here, Harrison failed to show that Salem County's construction of the guardrail was in any way improper, let alone arbitrary or conscience shocking. Therefore, the Salem County defendants were entitled to summary judgment on this claim as well. See Connors, 30 F.3d at 489.

We also agree with the District Court that the Salem County defendants were entitled to summary judgment on Harrison's negligence claim. In his pleadings, Harrison appears to allege that the Salem County defendants were negligent in erecting or maintaining the guardrail, and that their negligence caused him to suffer injuries to his leg and forearm, which ultimately resulted in cancer. Since the guardrail was erected by employees of a public entity, their liability is governed by New Jersey's Tort Claims Act, N.J.S.A. 59:1-1, et seq.[2] Harrison, however, failed to set forth specific facts showing that

_____

[2]The District Court analyzed Harrison's negligence claim under general negligence law without reference to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. The District Court's error is, however, harmless, as Harrison's claim could not withstand summary judgment under either analysis.

5

there was a genuine issue for trial on this claim. See N.J.S.A. 59:4-2. Harrison did not

present sufficient evidence to demonstrate that a reasonable jury could find that the

guardrail constituted a dangerous condition, nor did he set forth evidence creating a

genuine issue as to whether he sustained the alleged injuries as a result of the fall. See

Brown v. Brown, 432 A.2d 493, 498 (N.J. 1981). Accordingly, the District Court

correctly concluded that the Salem County defendants were entitled to summary judgment

on Harrison's negligence claim. See Connors, 30 F.3d at 489.

Finally, we have reviewed Harrison's motion for reconsideration and the District

Court's April 19, 2007 order denying it, and conclude that the District Court did not abuse

its discretion in denying the motion. The District Court correctly concluded that

Harrison's motion did not present any newly discovered evidence or legal precedent, and

that Harrison failed to demonstrate the need to correct a clear error of law or fact to

prevent manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d

Cir. 1999).

For the foregoing reasons, we conclude that the District Court properly entered

summary judgment against Harrison. Accordingly, as there is no substantial question

presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4;

I.O.P. 10.6.